IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

Roanoke Division

| | |
|---|---|
| THOMAS W. LOVEGROVE, | Civil No. |
| Plaintiff, | 7:14-CV-00329-MFU |
| v. | |
| OCWEN HOME LOANS SERVICING, L.L.C., | |
| Defendant. | |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

COMES NOW Thomas W. Lovegrove, by counsel, who hereby submits this Memorandum in Opposition to Defendant's Motion to Dismiss.

## STATEMENT OF FACTS

The defendant Ocwen Home Loan Servicing, L.L.C. ("Ocwen") was the servicer of the plaintiff's home loan, which was initiated by a Note in favor of Bank of America, N.A. dated December 18, 2006 in the amount of $1,239,000.00. Ocwen was a debt-collector under the Fair Debt Collection Practices Act because it was assigned servicing of the note after the note was in default.

The plaintiff obtained a discharge in bankruptcy on March 15, 2011 (Case No. 10-72925, U.S. Bankruptcy Court for the Western District of Virginia), which discharged his debt to Bank of America.

Paragraph 6 of the Complaint alleges that Ocwen continues to

1

attempt to collect the mortgage debt from Lovegrove by sending him monthly bills, even though his mortgage debt is discharged and he did not reaffirm the debt. Paragraph 11 alleges that Ocwen has sent monthly bills to the plaintiff on a regular basis, which are continuing, and has demanded that the plaintiff make payment on the Bank of America mortgage in an attempt to collect the Bank of America mortgage, even though the plaintiff's debt on the Bank of America mortgage was discharged in bankruptcy.

Paragraph 7 of the Complaint alleges that Ocwen continues to report to the credit reporting agencies that Mr. Lovegrove still owes a debt to Bank of America. Paragraph 8 of the Complaint alleges that Mr. Lovegrove has requested, in writing, that Ocwen stop reporting that he still owes a debt to Bank of America, but Ocwen continues to report the debt to the credit reporting agencies.

Paragraph 15 alleges that Ocwen has reported, and continues to report, to the credit reporting agencies that Mr. Lovegrove owes a mortgage debt to Bank of America, even though his debt to Bank of America was discharged in bankruptcy on March 21, 2011.

Paragraph 16 alleges that Ocwen's failure to comply with the fair credit reporting requirements in the plaintiff's case constituted willful noncompliance with the provisions of the Fair Credit Reporting Act because Ocwen knew that the plaintiff's debt to Bank of America had been discharged in bankruptcy and the plaintiff has provided notice of the incorrect credit reporting to Ocwen.

On August 19, 2014, Lovegrove amended his complaint, as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) (Docket Entry No. 7).

## LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

A court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Schegel v. Bank of America, 505 F.Supp.2d 321, 325 (W.D. Va. 2007)(Moon, J.)(citing Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). In Edwards v. City of Goldsboro, the Fourth Circuit wrote: "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." 178 F.3d at 244.

In Bell Atl. Corp. v. Twombly the Supreme Court held that: "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." 550 U.S. 544, 545 (2007). The Court specifically stated in Twombly that Rule 12(b)(6) still does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face; plaintiffs must "nudge[] their claims across the line from conceivable to plausible . . . ." Id. at 569; see also Ashcroft v. Iqbal, 556 U.S. 662, (2009)(extending the 12(b)(6) plausibility standard

3

beyond the Sherman Act).

In Iqbal, the Supreme Court prescribed a two-step process for evaluating plausibility under the Twombly standard: first, the District Court should eliminate all conclusory allegations and, second, determine whether the remaining allegations state a plausible case of wrongdoing. Some commentators have described plausibility as being on a continuum from possible, to plausible, to probable.[1]

Under the Conley v. Gibson, 335 U.S. 41 (1957), "no set of facts" standard, a plaintiff was required to allege facts from which a court could infer that a defendant's conduct was possibly wrongful, and the Court was not to consider whether alternative non-wrongful explanations of the defendant's conduct were also possible. Under the Twombly standard, a plaintiff is required to allege facts from which the District Court may infer that it is plausible that the defendant's conduct was wrongful and that there is no equally plausible innocent explanation of the defendants' conduct, even after taking all of the alleged facts as true. 550 U.S. at 567 ("here we have an obvious alternative explanation [of the defendants' conduct]" that was as consistent with the pleaded facts as the alleged antitrust conspiracy).

---

[1] See Spencer, "Twombly, Iqbal and the New Heightened Pleading Standard," Virginia CLE written materials, May 20, 2010, available at www.eondirect.com/VACLE/ClientData/CourseMaterial/TwomblyIqbalWrittenMaterials.pdf; see also Tymoczko, Note: Between the Possible and the Probable: Defining the Plausibility Standard After Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal, 94 Minn. L. Rev. 505 (2009).

4

ARGUMENT

I. LOVEGROVE STATES A PLAUSIBLE CLAIM FOR RELIEF AGAINST OCWEN UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.

   A. LOVEGROVE ADEQUATELY PLEADED THAT HE WAS THE OBJECT OF COLLECTION ACTIVITY ARISING FROM A CONSUMER DEBT.

The complaint states a plausible claim that Ocwen has continued to try to collect an *in personam* money debt from Lovegrove, even after the debt was discharged in bankruptcy.

A bankrupt debtor's *in personam* liability for a mortgage debt is discharged in bankruptcy. After discharge, the debtor is no longer liable for the money debt due a mortgage company that holds a lien on his house (the *in personam* liability), but the mortgage company may still exercise after the bankruptcy its rights under the deed of trust to foreclose on the debtor's property (the *in rem* liability).

In *Harlan v. EMC Mortgage Corp. (In re Harlan)*, 402 B.R. 703 (Bankr. W.D. Va. 2009), Judge Krumm considered the defendant foreclosure law firm's motion to dismiss the debtors' adversary proceeding complaint, which alleged both a violation of the post-bankruptcy discharge injunction and a violation of the Fair Debt Collection Practices Act. After the bankruptcy, the debtors received a letter from Rosenberg, an attorney for the mortgage company, also acting as substitute trustee in foreclosure. The letter stated that the mortgage company had referred the loan for legal action based upon a default, and informed the debtors that they owed $120,335.57. The letter stated that it "is an attempt to collect a debt and that any information obtained will be used

5

for that purpose." It stated: "If you are currently in bankruptcy or your debt has been discharged in bankruptcy, [the lawyer] is only exercising its rights against the property and is not attempting to hold you personally liable on this Note."

Judge Krumm found that the allegations in the complaint were sufficient to state a plausible claim that the attorney was seeking to collect an *in personam* debt. He wrote:

> Assuming that all allegations in the Amended Complaint are true, this Court holds that the Debtors have demonstrated a plausible claim to relief. The Amended Complaint sets forth in sufficient detail the basis upon which the Debtors seek redress. While [the mortgage company's] in rem rights survive the Debtor's discharge, this Court cannot at this time find that the Defendants did not willfully violate the discharge injunction by attempting to induce payment of the discharged personal obligation by the Debtors. The Defendants had notice of and participated in the Debtors' bankruptcy proceeding. The notices sent to the Debtors could arguably be considered actions to collect on a discharged debt, and they may be considered by the Court because they are deemed incorporated into the Amended Complaint. The bankruptcy court in Curtis [v. LaSalle National Bank (In re Curtis), 322 B.R. 470, 484-85, 485 n.21 (Bankr. D. Mass. 2005)] found that EMC's mailing of a notice seemingly identical to the 1st EMC Letter, with knowledge of the debtor's discharge in bankruptcy, violated the discharge injunction of section 524. . . . This Court finds there is no reason to preclude the Debtors from bringing this claim to trial. Similarly, this Court believes that the Rosenberg Letter, informing the Debtors that they owed $120,335.57 and that the failure to pay would result in the institution of foreclosure proceedings, could be deemed an action to collect the loan as a personal liability of the Debtors.

402 B.R. at 716.

In Nash v. Green Tree Servicing, L.L.C., 943 F.Supp.2d 650 (E.D. Va. 2013), Judge O'Grady considered whether there was a material issue of fact as to whether letters sent by a mortgage

6

servicer to a debtor constituted attempts to collect the mortgage debt. Judge O'Grady found that letters which demanded payment could be considered by a jury to be attempts to collect the debt that could give rise to liability under the FDCPA, but that letters regarding loan modification and which did not demand payment, did not bear "tell-tale signs of a communication in violation of the FDCPA," such as demand for payment. Id. at 656.

The allegations of Lovegrove's complaint state sufficient fact that, if true, would establish that Ocwen sought to collect an in personam debt from Lovegrove. Paragraph 11 of the complaint plainly alleges that Ocwen has sent monthly bills to the plaintiff on a regular basis, which are continuing, and has demanded that the plaintiff make payment on the Bank of America mortgage in an attempt to collect the Bank of America mortgage, even though the plaintiff's debt on the Bank of America mortgage was discharged in bankruptcy.

The allegations here are stronger than the allegations in Harlan. There, the complaint did not allege that monthly bills continued to be sent, demanding payment. Here, the complaint clearly pleads that Ocwen sent Lovegrove monthly bills, demanding payment. Further, there is no allegation here regarding any in rem action whatsoever. The pleadings here allege only that Ocwen sought to collect an the in personam mortgage debt from Lovegrove, even though the debt was discharged.

The allegations here meet the standard described in Nash because the complaint plainly alleges that demand for payment was

7

made in the monthly bills.

The allegations here, if true, would establish that Ocwen sent Lovegrove monthly bills, demanding payment of the mortgage debt, even after Lovegrove's personal liability for the debt had been discharged in bankruptcy.

### B. LOVEGROVE ADEQUATELY PLEADED THAT OCWEN COMMITTED ACTS THAT VIOLATE THE FDCPA.

Lovegrove's complaint also alleges that Ocwen committed acts that violate the FDCPA.

A debt collector's false statement in presumptively wrongful under the Fair Debt Collection Practices Act. Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004)(Easterbrook, J.). Further, "[a] demand for immediate payment while a debtor is in bankruptcy (or after the debtor's discharge) is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." Id.

Paragraph 11 of the complaint here plainly alleges that Ocwen committed an act that is prohibited by the FDCPA when it made demand for payment from Lovegrove even though his mortgage debt had been discharged in bankruptcy: "Ocwen has sent monthly bills to the plaintiff on a regular basis, which are continuing, and has demanded that the plaintiff make payment on the Bank of America mortgage in an attempt to collect the Bank of America mortgage, even though the plaintiff's debt on the Bank of America mortgage was discharged in bankruptcy."

8

### C. LOVEGROVE ADEQUATELY PLEADED THAT OCWEN IS A DEBT COLLECTOR.

Further, Lovegrove adequately pleaded that Ocwen is a debt collector.

A mortgage servicer who assumes servicing or a mortgage debt after it has gone into default is a debt collector under the FDCPA. Yarney v. Ocwen Loan Servicing, L.L.C., 929 F.Supp.2d 569, 575 (W.D. Va. 2013). A factual dispute as to whether a mortgage went into default before the defendant became the servicer is not a basis for granting a motion to dismiss. See, e.g., Castrillo v. American Home Mortgage Servicing, Inc., 670 F.Supp.2d 516, 524 (E.D. La. 2009)("The Court cannot resolve this issue on a motion to dismiss. . . .").

Here, Paragraph 4 of the complaint plainly alleges facts that, if true, would establish that Ocwen was a debt collector: "Ocwen was the servicer of the plaintiff's home loan, which was initiated by a Note in favor of Bank of America, N.A. dated December 18, 2006 in the amount of $1,239,000.00. Ocwen was a debt-collector under the Fair Debt Collection Practices Act because it was assigned servicing of the note after the note was in default."

If these facts are true, Ocwen is a debt collector.

### D. LOVEGROVE ADEQUATELY PLEADED WHEN THE FDCPA WAS VIOLATED.

Lovegrove also pleaded adequate facts that, if true, establish that Ocwen collected the debt within the one-year limitations period prior to the filing of the complaint.

9

Paragraph 11 of the complaint states that "Ocwen has sent monthly bills to the plaintiff on a regular basis . . . which are continuing, and has demanded that the plaintiff make payment on the Bank of America mortgage in an attempt to collect the Bank of America mortgage, even though the plaintiff's debt on the Bank of America mortgage was discharged in bankruptcy."

The words "monthly bills," "regular basis," and "are continuing" are sufficient to allege that the bills were still being sent at the time the complaint was filed and that the last bill was sent in the month prior to the filing of the complaint.

These facts, if true, would establish that monthly bills demanding payment in violation of the FDCPA were received by Lovegrove within one year of the filing of the complaint.

## II. LOVEGROVE HAS ALLEGED SUFFICIENT FACTS TO ESTABLISH A PLAUSIBLE CLAIM UNDER THE FAIR CREDIT REPORTING ACT.

Lovegrove concedes that his original complaint does not state sufficient facts to establish Ocwen's liability under the portion of the Fair Credit Reporting Act that provides him a private right of action.

However, Lovegrove has alleged sufficient facts to establish a plausible claim under the Fair Credit Reporting Act in the First Amended Complaint, which states:

> 15. Ocwen has reported, and continues to report, to the credit reporting agencies that Mr. Lovegrove owes a mortgage debt to Bank of America, even though his debt to Bank of America was discharged in bankruptcy on March 21, 2011. Mr. Lovegrove wrote to the credit reporting agencies on November 28, 2013 and on April 3, 2014, disputing the information on the credit reports that his mortgage debt was still owed. Upon information and belief, the credit reporting agencies

10

referred Mr. Lovegrove's dispute to Ocwen for investigation, in accordance with their customary practice and procedure. Upon information and belief, Ocwen had the opportunity to conduct an investigation, but continued to report inaccurately to the credit reporting agencies that the mortgage loan debt was still owed. As of July 1, 2014, the credit reporting agencies were still reporting that Mr. Lovegrove still owed a mortgage debt to Ocwen.

This pleading is sufficient to state facts to establish a plausible claim of the private right of action under 15 U.S.C. § 1681s-2(b).

## CONCLUSION

FOR THE REASONS stated herein, the plaintiff Lovegrove prays that this Court will deny Ocwen's motion to dismiss.

Respectfully Submitted,

THOMAS W. LOVEGROVE

By: /s/ Gary M. Bowman

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173
Fax: (540) 343-1157

## CERTIFICATE OF SERVICE

I, Gary M. Bowman, do hereby certify that a true and correct copy of this Plaintiff's Memorandum in Opposition to Motion to Dismiss was served through the ECF System to Christopher M. Corchiarino, Esq., Goodell, DeVries, Leech & Dann, LLP, One South Street, 20th Floor, Baltimore MD 21202 on August 19, 2014.

/s/ GARY M. BOWMAN
GARY M. BOWMAN

11