DEC 1 2014

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

Roanoke Division

| | | |
|---|---|---|
| THOMAS W. LOVEGROVE, | ) | Civil No. |
| | ) | |
| Plaintiff, | ) | 7:14-CV-00329-MFU |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN HOME LOANS SERVICING, | ) | |
| L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1. State the name, address, and telephone number of each person with personal knowledge of any fact that supports, refutes, or otherwise relates to any of the allegations or claims made in the First Amended Complaint against Ocwen.

RESPONSE: See attached document, Bates Stamp No. 1, 2, and 149. Also see Exhibit A to Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1).

2. Identify all documents and communications that you contend establish, support, refute, or otherwise relate to any of the allegations or claims in the First Amended Complaint or Ocwen's affirmative defenses to the First Amended Complaint.

RESPONSE: See attached Bates Stamp No. 9-148, 192-205, OLS 000001-000063, OLS 141-158.

3. Identify and describe all communications that you have had with Ocwen regarding the Subject Loan or any credit reporting about the Subject Loan since the Bankruptcy Action was filed on December 14, 2010.

1

**EXHIBIT B**

RESPONSE: See attached Bates Stamp No. 9-46, 83-86, OLS 000001-000063, OLS 000151-000153. My counsel spoke with Ocwen's counsel during the case of Lovegrove v. Ocwen Home Loan Servicing, Inc., Case No. 13-9271, Franklin County Circuit Court.

4. Identify and describe all communications that you have had with BOA regarding Subject Loan or any credit reporting about the Subject Loan since the Bankruptcy Action was filed on December 14, 2010.

RESPONSE: See attached Bates Stamp No. 48-81. My counsel spoke with BOA's counsel, Heather Carlton, and received the letter attached as Bates Stamp No. 206 from her.

5. Identify and describe all communications that you have had with any Credit Reporting Agency regarding Ocwen, BOA, the Subject Loan, or any credit reporting [sic] about the Subject Loan since the Bankruptcy Action was filed on December 14, 2010.

RESPONSE: See attached Bates Stamp No. 82-86, 206.

6. State all facts and identify all documents and communications upon which you base your claim that Ocwen violated the Fair Debt Collection Practices Act.

RESPONSE: At the times relevant to this complaint, Ocwen was the servicer of the plaintiff's home loan, which was initiated by a Note in favor of Bank of America, N.A. dated December 18, 2006 in the amount of $1,239,000.00 (OLS 000001-000016). Ocwen was a debt-collector under the Fair Debt Collection Practices Act because it was assigned servicing of the note after the note was in default (See OLS-0005, showing the

amount of the defaulted arrearage, and the statement "This Communication is from a debt collector attempting to collect a debt." The loan first went into default no later than March 15, 2011. Ocwen became servicer of the loan no earlier than October 9, 2012 (See OLS-0005, showing the amount of the default). The plaintiff obtained a discharge in bankruptcy on March 15, 2011 (Case No. 10-72925, U.S. Bankruptcy Court for the Western District of Virginia), which discharged his debt to Bank of America (See OLS-000141, showing Ocwen knew of the bankruptcy). Ocwen has continued to attempt to collect the mortgage debt from Mr. Lovegrove by sending him monthly bills each month, through the date of the filing of this case, even though Mr. Lovegrove's mortgage debt is discharged and he did not reaffirm the debt (OLS-000001-000063). Ocwen continued to report to the three credit reporting agencies (Equifax, Experian, and TransUnion)(hereinafter, "the credit reporting agencies") that Mr. Lovegrove still owed a debt to Bank of America (Bates Stamp 82-148). Mr. Lovegrove has twice disputed Ocwen's inaccurate furnishing of information that the loan is still due by writing to the credit reporting agencies, the latest time being on April 3, 2014 (Bates Stamp 82-92). He wrote to the credit reporting agencies that Ocwen is reporting the debt as owed, even though it is not owed (Bates Stamp 86-90). The credit reporting agencies have referred Mr. Lovegrove's dispute of Ocwen's inaccurate credit reporting to Ocwen (OLS 000155-000158), and Ocwen continued to report to the credit reporting agencies, as late as

3

July 1, 2014 (Bates Stamp 100).

7. State all facts and identify all documents and communications upon which you base your claim that Ocwen violated the Fair Credit Reporting Act.

RESPONSE: At the times relevant to this complaint, Ocwen was the servicer of the plaintiff's home loan, which was initiated by a Note in favor of Bank of America, N.A. dated December 18, 2006 in the amount of $1,239,000.00 (OLS 000001-000016). The plaintiff obtained a discharge in bankruptcy on March 15, 2011 (Case No. 10-72925, U.S. Bankruptcy Court for the Western District of Virginia), which discharged his debt to Bank of America (See OLS-000141, showing Ocwen knew of the bankruptcy). Ocwen has continued to attempt to collect the mortgage debt from Mr. Lovegrove by sending him monthly bills each month, through the date of the filing of this case, even though Mr. Lovegrove's mortgage debt is discharged and he did not reaffirm the debt (OLS-000001-000063). Ocwen continued to report to the three credit reporting agencies (Equifax, Experian, and TransUnion)(hereinafter, "the credit reporting agencies") that Mr. Lovegrove still owed a debt to Bank of America (Bates Stamp 82-148). Mr. Lovegrove has twice disputed Ocwen's inaccurate furnishing of information that the loan is still due by writing to the credit reporting agencies, the latest time being on April 3, 2014 (Bates Stamp 82-92). He wrote to the credit reporting agencies that Ocwen is reporting the debt as owed, even though it is not owed (Bates Stamp 86-90). The credit reporting agencies

have referred Mr. Lovegrove's dispute of Ocwen's inaccurate credit reporting to Ocwen (Bates Stamp No. 88, 89, 106; OLS 000155-000158), and Ocwen continued to report to the credit reporting agencies, as late as July 1, 2014 (Bates Stamp 100).

8. State all facts and identify all documents and communications upon which you base your allegation in the First Amended Complaint that Ocwen reported and continues to report inaccurate information about the Subject Loan to Credit Reporting Agencies.

RESPONSE: See Bates Stamp 100, 112.

9. State all facts and identify all documents and communications upon which you base your allegation in Paragraph 8 of the First Amended Complaint that you "twice disputed Ocwen's inaccurate furnishing of information that the loan is still due by writing to the credit reporting agencies."

RESPONSE: See Bates Stamp 82-92.

10. State all facts and identify all documents and communications upon which you base your allegation in Paragraph 11 of the First Amended Complaint that Ocwen "demanded that the plaintiff make payment on the Bank of America mortgage in an attempt to collect the Bank of America mortgage."

RESPONSE: Ocwen sent the plaintiff monthly bills through and statements seeking payment from the plaintiff. See OLS-000001-000063.

11. Identify and describe with specificity the "other acts which continued through the filing of this case" allegedly

committed by Ocwen and referenced in Paragraph 11 of the First Amended Complaint.

RESPONSE: The plaintiff telephoned Ocwen and Bank of America, asking them to stop sending him bills and to stop reporting on his credit report that the mortgage was due. The plaintiff sent letters to Ocwen and Bank of America, asking them to stop sending him bills and to stop reporting on his credit report that the mortgage was due. The plaintiff sued both Bank of America and Ocwen prior to bringing this suit, and plaintiff's counsel notified Ocwen's counsel and Bank of America's counsel that the plaintiff had filed bankruptcy, but that Ocwen and Bank of America continued to send the plaintiff bills and report that the mortgage was due on the plaintiff's credit report, and neither Ocwen nor Bank of America stopped sending bills or modified their credit reporting.

12. State all facts and identify all documents upon which you base your claim in Paragraph 15 of the First Amended Complaint that "Ocwen has reported, and continues to report, to the credit reporting agencies that Plaintiff owes a mortgage debt to Bank of America."

RESPONSE: Bates Stamp No. 100, 112.

13. State all facts and identify all documents and communications upon which you base your claim in Paragraph 15 of the First Amended Complaint that "the credit reporting agencies referred Plaintiff's claim to Ocwen for investigation in accordance with their customary practice and procedure.

RESPONSE: Bates Stamp No. 88, 89, 106; OLS 000155-000158.

14. State all facts and identify all documents upon which you base your allegation in Paragraph 16 of the First Amended Complaint that Ocwen's conduct "constituted willful noncompliance with the provisions of the Fair Credit Reporting Act."

RESPONSE: The responses to the foregoing interrogatories are adopted herein, and the plaintiff telephoned Ocwen and Bank of America, asking them to stop sending him bills and to stop reporting on his credit report that the mortgage was due. The plaintiff sent letters to Ocwen and Bank of America, asking them to stop sending him bills and to stop reporting on his credit report that the mortgage was due. The plaintiff sued both Bank of America and Ocwen prior to bringing this suit, and plaintiff's counsel notified Ocwen's counsel and Bank of America's counsel that the plaintiff had filed bankruptcy, but that Ocwen and Bank of America continued to send the plaintiff bills and report that the mortgage was due on the plaintiff's credit report, and neither Ocwen nor Bank of America stopped sending bills or modified their credit reporting.

15. State all facts and identify all documents upon which you base your allegation in Paragraph 17 of the First Amended Complaint that "Ocwen's behavior was willful and wanton" and "based upon such recklessness or negligence by Ocwen, as to evince a conscious disregard for the rights of the plaintiff."

RESPONSE: The responses to the foregoing interrogatories are adopted herein, and the plaintiff telephoned Ocwen and Bank

of America, asking them to stop sending him bills and to stop reporting on his credit report that the mortgage was due. The plaintiff sent letters to Ocwen and Bank of America, asking them to stop sending him bills and to stop reporting on his credit report that the mortgage was due. The plaintiff sued both Bank of America and Ocwen prior to bringing this suit, and plaintiff's counsel notified Ocwen's counsel and Bank of America's counsel that the plaintiff had filed bankruptcy, but that Ocwen and Bank of America continued to send the plaintiff bills and report that the mortgage was due on the plaintiff's credit report, and neither Ocwen nor Bank of America stopped sending bills or modified their credit reporting.

16. State all facts upon which you base your allegation in Paragraph 18 of the First Amended Complaint that you were "damaged by Ocwen's action of providing false information to the credit reporting agencies by being denied credit and by emotional distress."

RESPONSE: The plaintiff and his closely held corporation, Baywatch Development Corporation, would have been engaged by the customers listed on Bates Stamp No. 1-2 to perform construction projects. The customers did not engage the plaintiff to build the projects because the plaintiff was unable to obtain the credit necessary to buy and lease the materials and equipment necessary to build them. As a result, the plaintiff lost net revenue of approximately $17,909,652.00. The plaintiff, and his closely held corporation, Baywatch Development Corporation, would

8

have been engaged by Sweet Frog Premium Frozen Yogurt to build 193 stores. Sweet Frog did not engage the plaintiff to build the stores because the plaintiff was unable to obtain the credit necessary to buy and lease the materials and equipment necessary to build the Sweet Frog stores. As a result, the plaintiff lost net revenue of approximately $5,790,000.00. The plaintiff was not even able to buy an automobile because of Ocwen's inaccurate credit reporting (Bates Stamp No. 205).

17. Identify and describe with specificity all damages you are claiming against the Defendant in this action, including the types of damages and specific amounts claimed for damages.

RESPONSE: I claim statutory damages for violation of the Fair Debt Collection Practices Act of $1000.00 plus attorney fees and costs. I claim actual damages for violation of the Fair Credit Reporting Act as a result of losing construction projects that I would have been hired to perform, but that I was not hired to perform because of Ocwen's inaccurate credit reporting. The list of those projects is at Bates Stamp No. 1-2 and the 193 Sweet Frog stores listed at Bates Stamp No. 151-189. My calculation of the net profit from the Sweet Frog stores is based upon the documents at Bates Stamp No. 192-201. I claim damages for emotional distress in the amount $100,000.00 as a result of being unable to pursue my life's work, the indignity of being unable to obtain credit, and of being unable to obtain a fresh start even though I filed bankruptcy.

18. State all facts and identify all documents upon which

you base your calculation of the damages that you seek and/or claim in this action.

RESPONSE: See response to Interrogatory No. 17.

19. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

RESPONSE: The plaintiff does not expect to call an expert witness.

STATE of Florida
~~COMMONWEALTH OF VIRGINIA~~
COUNTY/CITY OF St Petersburg

_____
Thomas W. Lovegrove

Thomas W. Lovegrove appeared before me this ___ day of November 2014 and acknowledged the truth of the foregoing answers under oath.

_____
Notary Public

SHIELDS ERIC CLARK IV
MY COMMISSION # EE061039
EXPIRES February 02, 2015
FloridaNotaryService.com

My Commission Expires: Feb 2, 2015

10

RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS

1. All documents identified or referenced in the First Amended Complaint.

RESPONSE: Bankruptcy discharge is at Bates Stamp No. 209. The Ocwen collection letters are at Bates Stamp No. 9-47, 212, 213 (sent after this case was filed); the plaintiff believes he received, and threw away, bills during the period from August 2013 through May 2014. The credit reports are at Bates Stamp No. 87, 88, 92-148. The plaintiff's credit dispute letters are at Bates Stamp No. 86-90. The credit reporting agencies' referral to Ocwen is shown by Bates Stamp No. 88, 89, 106. The inaccurate credit reporting is shown at Bates Stamp No. 82, 100, 148, 82-148).

2. All documents identified in your responses to Defendant's First Set of Interrogatories.

RESPONSE: Documents referred to in the responses to the interrogatories are identified in the responses by their number. All of the numbered documents are attached or were produced by Ocwen using its numbers.

3. All documents reviewed to prepare your responses to Defendant's First Set of Interrogatories.

RESPONSE: No documents were reviewed other than the documents attached as Bates Stamp No. 1-211.

4. All documents relating to your default on the Subject Loan referenced in Paragraph 5 of the First Amended Complaint.

11

RESPONSE: The plaintiff objects to this request as being too vague and overbroad to allow the plaintiff to identify what the defendant is asking for. However, see Bates Stamp No. 51-81.

5. All documents relating to the Bankruptcy Action, including, but not limited to, the discharge order referenced in Paragraph 5 of the First Amended Complaint.

RESPONSE: The discharge order is attached at Bates Stamp No. 209. The plaintiff objects to the request for any other documents on the grounds that the documents are equally available to all parties on the bankruptcy court's pacer system.

6. All documents that constitute, evidence, refer to, or relate to any consumer credit report that you obtained directly or indirectly from any Consumer Reporting Agency since December 14, 2010.

RESPONSE: Bates Stamp No. 83-148. The plaintiff obtained, and viewed online, credit reports several times during the period after December 14, 2010, but did not print or keep a copy of the reports that he viewed.

7. All documents that constitute, evidence, refer to, or relate to any correspondence or communications between you and Ocwen regarding the Bankruptcy Action, the Subject Loan, any credit reporting regarding the Subject Loan, or any of the allegations set forth in the First Amended Complaint since December 14, 2010.

RESPONSE: See attached Bates Stamp No. 9-46, 83-86, OLS 000001-000063, OLS 000151-000153.

8. All documents that constitute, evidence, refer to, or relate to any correspondence or communications between you and BOA regarding the Bankruptcy Action, the Subject Loan, any credit reporting regarding the Subject Loan, or any of the allegations set forth in the First Amended Complaint since December 14, 2010.

RESPONSE: See attached Bates Stamp No. 48-81. My counsel spoke with BOA's counsel, Heather Carlton, and received the letter attached as Bates Stamp No. 206 from her.

9. All documents that constitute, evidence, refer to, or relate to any correspondence or communications between you and any Credit Reporting Agency regarding the Bankruptcy Action, the Subject Loan, any credit reporting regarding the Subject Loan, or any of the allegations set forth in the First Amended Complaint since December 14, 2010.

RESPONSE: See attached Bates Stamp No. 82-86, 206.

10. All documents that you believe support your claim that Ocwen violated the Fair Debt Collection Practices Act.

RESPONSE: Bates Stamp 82-148), and specifically 82-92, 86-90, and 100.

11. All documents that you believe support your claim that Ocwen violated the Fair Credit Reporting Act.

RESPONSE: Bates Stamp 82-148, and specifically 82-92, 86-90), 88, 89, 100, and 106.

12. All documents that you believe support your contention in Paragraph 6 of the First Amended Complaint that "Ocwen has continued to attempt to collect the mortgage debt from Plaintiff

by sending monthly bills each month."

RESPONSE: Bates Stamp No. 212, 213 (sent after this case was filed); the plaintiff believes he received, and threw away, bills during the period from August 2013 through May 2014.

13. All documents that you believe support your contention in Paragraph 7 of the First Amended Complaint that "Ocwen continues to report inaccurate information about the Subject Loan to Credit Reporting Agencies.

RESPONSE: See Bates Stamp 100, 112.

14. All documents that constitute, evidence, refer to, or relate to your alleged attempts to dispute "Ocwen's inaccurate furnishing of information that the loan is still due by writing to the credit reporting agencies" as set forth in Paragraph 8 of the First Amended Complaint.

RESPONSE: Bates Stamp No. 82-92.

15. All documents that you believe support your contention in Paragraph 11 of the First Amended Complaint that "demanded that the plaintiff make payment on the Bank of America mortgage in an attempt to collect the Bank of America mortgage."

RESPONSE: Bates Stamp No. 8-47, 212, 213.

16. All documents that you believe support your contention in Paragraph 15 of the First Amended Complaint that "the credit reporting agencies referred Plaintiff's dispute to Ocwen for investigation in accordance with their customary practice and procedure."

RESPONSE: Bates Stamp No. 83-148, specifically 88, 89, 106.

14

17. All documents that you believe support your contention in Paragraph 15 of the First Amended Complaint that "Ocwen had the opportunity to conduct an investigation, but continued to report inaccurately to the credit reporting agencies that the mortgage loan was still owed."

RESPONSE: Bates Stamp No. 83-148, specifically 83-94.

18. All documents that you believe support your contention in Paragraph 16 of the First Amended Complaint that Ocwen's conduct "constituted willful noncompliance with the provisions of the Fair Credit Reporting Act."

RESPONSE: Bates Stamp 82-148, specifically 82-92, 86-90, 88, 89, 106, and 100.

19. All documents that you believe support your contention in Paragraph 17 of the First Amended Complaint that "Ocwen's behavior was willful and wanton" and "based on such recklessness or negligence by Ocwen, as to evince a conscious disregard for the rights of the plaintiff."

RESPONSE: Bates Stamp 82-148, specifically 82-92, 86-90, 88, 89, 106, and 100.

20. All documents that you believe support your contention in Paragraph 18 of the First Amended Complaint that you were "damaged by Ocwen's action of providing false information to the credit reporting agencies by being denied credit and by emotional distress."

RESPONSE: Bates Stamp No. 1-2, 205, 151-189, 192-201.

21. Any correspondence, statements, or other documents

taken from witnesses and/or non-parties that in any way involve the allegations, claims, or subject matter of the First Amended Complaint.

RESPONSE: None.

22. All documents you believe show and/or evidence the damages that you claim and/or seek in this action.

RESPONSE: Bates Stamp No. 1-2, 205, 151-189, 192-201.

23. Any and all documents not otherwise requested that relate to or support any event, fact, claim, allegation, or contention raised in the First Amended Complaint.

RESPONSE: Plaintiff objects to this request as being vague and overbroad such that the plaintiff does not understand what the defendant is asking for. The plaintiff has herewith produced all documents which the supports any contention, event, fact, claim, allegation, or contention raised in the First Amended Complaint that are within plaintiff's control.

24. All documents you or your representatives provided to anyone you expect to call as an expert witness at trial.

RESPONSE: None.

25. Any written opinion or other documents provided to you by anyone you expect to call as an expert witness at trial.

RESPONSE: None.

26. A current copy of your credit report.

RESPONSE: The plaintiff objects to this request on the grounds that it requires him to purchase a credit report merely for the purpose of providing it to the defendant. The defendant

has the means to obtain the credit report on its own.

Respectfully Submitted,

THOMAS W. LOVEGROVE

By: /s/ Gary M. Bowman

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173
Fax: (540) 343-1157

## CERTIFICATE OF SERVICE

I, Gary M. Bowman, do hereby certify that a true and correct copy of this Plaintiff's Responses to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents was mailed to Christopher M. Corchiarino, Esq., Goodell, DeVries, Leech & Dann, LLP, One South Street, 20th Floor, Baltimore MD 21202 on November 24, 2014.

/s/ GARY M. BOWMAN
GARY M. BOWMAN