# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA

### Roanoke Division

| | |
|---|---|
| THOMAS W. LOVEGROVE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OCWEN HOME LOAN SERVICING, LLC, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 7:14-cv-00329-MFU |

I, Joe Crandall, upon my oath, depose and say:

1. I am over 18 years old and competent to testify to the below facts.

2. I am employed by Wells Fargo Bank, N.A.

3. On April 7, 2015, I signed a declaration (the "April Declaration") drafted by and presented to me by Thomas W. Lovegrove. At the time I signed the April Declaration, I did not realize and appreciate that it was a sworn statement, nor did I understand its purpose. I did not consult with counsel about the April Declaration or the meaning of 28 U.S.C. § 1746. Since I signed the April Declaration, these issues have been explained to me. I have since learned the meaning of 28 U.S.C. § 1746 and the declaration language used in the April Declaration. If I realized the purpose of the April Declaration at the time I signed it, I would not have signed it.

4. I had no authority to make statements of the kind contained in the April Declaration on behalf of Wells Fargo. I did not discuss the April Declaration or the information contain in the April Declaration with Wells Fargo before I signed the April Declaration. I did not obtain the approval of Wells Fargo to sign the April Declaration. Simply put, the April Declaration should not be considered a declaration made by or on behalf of Wells Fargo.

5. The April Declaration drafted by Mr. Lovegrove for me to sign states that Mr. Lovegrove was denied a credit line by Wells Fargo based solely on credit reporting from Ocwen Loan Servicing, LLC. This was not a correct statement. I have no information to conclude that Mr. Lovegrove was denied credit due to the credit reporting of Ocwen Loan Servicing, LLC. I cannot declare under oath, nor would I be able to testify at trial, that Wells Fargo would have

DM1\5759132.1



extended credit to Mr. Lovegrove, or his company BayWatch Development Corporation, had Mr. Lovegrove's credit report not reflected any credit reporting from Ocwen Loan Servicing, LLC.

6. Moreover, although the April Declaration states that the credit denial notification is attached to the April Declaration, no credit denial could be located and none was attached to the April Declaration. Although I do not speak for Wells Fargo, I know that a thorough search of Wells Fargo's records has since been conducted and no such denial has been found.

7. If I were called to testify regarding the statements contained in the April Declaration, I would not be able to testify to the truth of the facts contained in the April Declaration. More specifically, I would not be able to testify that Wells Fargo denied Mr. Lovegrove or his business BayWatch Development Corporation credit based on credit reporting from Ocwen Loan Servicing, LLC.

8. Because the April Declaration contains facts that are not true and cannot be supported with documents from Wells Fargo, I would like to retract the April Declaration in its entirety.

9. I understand that I am not required to sign this declaration and have the right to consult with counsel about the statements in this declaration and the April Declaration. I sign this declaration of my own free will and without duress.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of June 2015

_____
Joe Crandall